```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

United States of America                    96-CR-00723 (CPS)

                Plaintiff,

    - against -                              MEMORANDUM OPINION
                                             AND ORDER
Jeffrey Wilson,

                Defendant.

----------------------------------------X
```

SIFTON, Senior Judge.

Jeffrey Wilson (the "defendant") pleaded guilty on November 20, 1996, to bank robbery by force or violence, in violation of 18 U.S.C. §§ 2113(d). Defendant is currently incarcerated at the United States Penitentiary in Pollock, Louisiana. Presently before this Court is defendant's *pro se* application seeking his immediate release. For the reasons stated below, defendant's application is denied.

## BACKGROUND

On November 20, 1996, defendant pleaded guilty pursuant to a plea agreement to one count of a three-count indictment charging him with bank robbery by force or violence, in violation of 18 U.S.C. §§ 2113(d). In the Pre-Sentence Investigation Report ("PSR"), the Probation Department calculated that the applicable offense level under the United States Sentencing Guidelines was 31, and that defendant's criminal history category was VI, yielding a guidelines range of 188-235 months. Under the terms

of the plea agreement, defendant agreed not to file an appeal in the event that the Court imposed a sentence "within or below" the guideline range. On January 29, 1997, I adopted the factual findings and considered the guideline calculation recommended in the PSR. I thereafter sentenced defendant principally to 188 months in prison, followed by 5 years supervised release. The present application followed on August 11, 2008.

## DISCUSSION

In his application, defendant requests immediate release pursuant to any "new laws" that may apply to him. Defendant takes note of my comments at his sentencing that I would sentence defendant "as leniently as I [could] under the guidelines that apply in this case." Transcript of January 29, 1997 Sentencing Proceeding ("Tr.") at 5. Construing defendant's motion liberally, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest") (internal quotation marks and citation omitted), I conclude that defendant has raised a claim for a reduction in his sentence pursuant to *United States v. Booker*, 543 U.S. 200 (2005), in which the Supreme Court determined that the United States Sentencing Guidelines are advisory rather than mandatory.

The government argues that defendant is procedurally barred

from bringing this motion by virtue of his plea agreement. Under the terms of the plea agreement, defendant agreed "not to file an appeal in the event that the Court imposes a sentence within or below the range of imprisonment set forth in paragraph 2." Plea Agreement, ¶ 4. Paragraph 2 of the plea agreement provided for an estimated range of imprisonment of 188-235 months. Plea Agreement, ¶ 2. Since I sentenced defendant to 188 months in prison, at the bottom end of the range contemplated by the plea agreement, defendant was barred from appealing his conviction. *See, e.g.*, *Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001) ("We have long enforced waivers of direct appeal rights in plea agreements"). Defendant in fact did not appeal his conviction here. His present application could perhaps be construed as a collateral attack of his sentence under 28 U.S.C. § 2255 or 28 U.S.C. § 2241.[1] However, defendant's waiver of his right to appeal his conviction encompassed waiver of his right to attack his sentence collaterally. *See U.S. v. Pipitone*, 67 F.3d

---

[1] 28 U.S.C. § 2255 and 28 U.S.C. § 2241 are federal statutes under which defendants may seek habeas relief from wrongful detention. The Second Circuit has described the distinction between the two statutes as follows:

> A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions. In contrast, § 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence[.]

*Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (emphasis in original; citation omitted).

34, 39 (2d. Cir 1995) ("Whatever linguistic distinction may be made between an 'appeal' and a § 2255 petition, we are loathe to countenance so obvious a circumvention of a plea agreement"); *see also Trujillo v. United States*, Nos. 92 CIV 6791, 91 CR. 575, 1993 WL 227701, at *3 (S.D.N.Y. June 21, 1993) ("Without alleging a constitutional or jurisdictional violation, it is an anathema to allow one who has voluntarily waived his right to appeal to attack the sentence collaterally"), *aff'd mem.*, 33 F.3d 49 (2d Cir. 1994). Accordingly, defendant would be procedurally barred from bringing this attack on his sentence.[2]

However, even if the instant motion were to be construed as a petition for habeas relief under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, the petition would fail. Section 2255 provides that habeas claims must be brought within one year of the later of "the date on which the judgment of conviction becomes final," or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

---

[2] District courts in the Second Circuit may not convert post-conviction motions into § 2255 motions without giving the petitioner notice and an opportunity either to add additional claims or to withdraw the motion. *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998).
In addition, where the defendant has failed to raise an issue on direct appeal, a claim will be barred under § 2255 unless the petitioner establishes cause for failing to raise the issue on appeal and actual prejudice. *Billy-Eko v. United States*, 968 F.2d 281, 283 (2d Cir. 1992). Failure to raise an issue on appeal due to an appeal waiver in a plea agreement is not sufficient cause for allowing a § 2255 motion to proceed. *Trujillo v. United States*, Nos. 92 CIV 6791, 91 CR. 575, 1993 WL 227701, at *3 (S.D.N.Y. June 21, 1993).

collateral review." 28 U.S.C. § 2255(f)(1), (3). With regard to the first date, defendant's judgment of conviction became final in February of 1997, when his time to appeal expired. *See Moshier*, 402 F.3d at 118 ("for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"). Therefore, any § 2255 motion filed in relation to that date would not be timely. Nor would petitioner's application be timely if it were construed as a § 2255 petition filed pursuant to a right "newly recognized" by the Supreme Court in *United States v. Booker*, 543 U.S. 200 (2005). The *Booker* case was decided in 2005, more than one year prior to the filing of the present application. Further, the Second Circuit determined in *Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005), that *Booker* "does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that *Booker* issued." *Guzman*, 404 F.3d at 144. Because defendant's conviction became final nearly eight years prior to January 12, 2005, *Booker* could not serve as a basis for § 2255 relief to defendant, even if such relief were available to him and he chose to pursue that relief.

Nor is defendant eligible for habeas relief pursuant to 28 U.S.C. § 2241. A prisoner whose claim is cognizable under § 2255 may nevertheless seek relief under § 2241 where § 2255 "appears . . . inadequate or ineffective to test the legality of his

detention." *Love v. Menifee*, 333 F.3d 69, 73 (2d Cir. 2003). The Second Circuit has made clear that "Section 2255 is inadequate or ineffective . . . only when a failure to allow for collateral review would raise serious constitutional questions, not whenever its gatekeeping provisions bar review of a petition's claim." *Id.* (internal citations and quotation marks omitted). To date, "serious constitutional questions" have only been recognized in "cases involving prisoners who (1) can prove actual innocence on the existing record, and (2) could not have effectively raised their claims of innocence at an earlier time." *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (internal citations, quotation marks, and brackets omitted). Here, defendant does not contend that he is innocent, nor does he offer any other reason why failing to allow collateral review of his sentence would raise "serious constitutional questions." Accordingly, even if defendant could avail himself of 28 U.S.C. § 2241, he is not eligible for relief under that statute.

## CONCLUSION

For the reasons set forth above, defendant's application is denied. The Clerk is directed to transmit a filed copy of the within to the parties.

SO ORDERED.

Dated:   Brooklyn, NY
         January 6, 2009

                    By: <u>/s/ Charles P. Sifton (electronically signed)</u>
                        United States District Judge